# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRALAND NORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1585-SPM |
| | ) | |
| KELLY MORRISS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. On May 30, 2017, petitioner Braland Norman filed a petition in this Court pursuant to 28 U.S.C. § 2254, challenging an October 15, 2003 judgment of conviction for felony stealing that was entered in the 22nd Judicial Circuit Court in St. Louis, Missouri. He neither paid the filing fee nor sought leave to proceed *in forma pauperis*, and in an order dated June 13, 2017, he was ordered to do one or the other. Petitioner timely complied. In an order dated July 5, 2017, this Court noted that the petition appeared to have been untimely filed, and ordered petitioner to show cause why it should not be dismissed as such. In that order, petitioner was cautioned that his failure to timely comply would result in the dismissal of his case without prejudice and without further notice. Petitioner's response to the Court was due on July 26, 2017. To date he has neither responded to the Court's order nor sought additional time to do so.

After careful consideration, the Court concludes that the petition is time-barred. The Court will therefore summarily dismiss it pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*,

126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 11th day of August, 2017.

    SHIRLEY PADMORE MENSAH
    UNITED STATES MAGISTRATE JUDGE